```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


TIFFANY McKEEN, as the        )
Administrator of the Estate   )
of Steven Amos Williams,      )
deceased,                     )
                              )
    Plaintiff,                )
                              )      CIVIL ACTION NO.
    v.                        )         3:11cv980-MHT
                              )             (WO)
U-HAUL INTERNATIONAL, INC.,   )
a Corporation; et al.,        )
                              )
    Defendant.                )
```

                         OPINION AND ORDER

    This lawsuit is before the court on a consent motion to substitute parties, which would in effect amend the complaint in this case to substitute a party.  The proposed amendment is inadequate in, at least, two respects.

    First, an amended pleading must comply fully with M.D. Ala., LR 15.1 ("A party who moves to amend a pleading, document or other papers shall attach the original of the amendment to the motion.  Any amendment to a pleading, document or other papers, whether filed as

a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading, document or other papers as amended, and may not incorporate any prior pleading, document or other papers by reference. A failure to comply with this rule is not grounds for denial of the motion."). Therefore, the plaintiff must file an amended complaint reflecting the substitution.

Second, the allegations of the proposed complaint must be sufficient to invoke the original basis for this court's jurisdiction: 28 U.S.C. § 1332 (diversity of citizenship). To invoke jurisdiction based on diversity, a complaint must distinctly and affirmatively allege each party's citizenship. <u>McGovern v. American Airlines, Inc.</u>, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332. The proposed complaint must therefore indicate the citizenship of proposed defendant Sovran

Acquisition Limited Partnership.  Because this entity is a partnership, the complaint must indicate the citizenship of the individual partners, both general and limited, see Carden v. Arkoma Associates, 494 U.S. 185 (1990), and must indicate that their citizenship is different from that of the plaintiff.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The consent motion to substitute parties (doc. no. 122) is granted.

(2) Sovran Holdings, Inc. is dismissed without prejudice.

(3) Sovran Acquisition Limited Partnership is substituted for Sovran Holdings, Inc. as a defendant.

    (4) Plaintiff is to file an amended complaint, that meets the requirements of this order, by no later than January 24, 2013.

    DONE, this the 17th day of January, 2013.

                                          /s/ Myron H. Thompson
                                     UNITED STATES DISTRICT JUDGE